**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0003, <u>Olga Edstrom v. Mount Saint Mary's Condominium Association</u>, the court on June 10, 2016, issued the following order:**

We treat the handwritten document that the plaintiff submitted at the same time as her reply brief as a supplement to it.  Having considered the briefs, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiff, Olga Edstrom, appeals a jury verdict in the Superior Court (<u>McNamara</u>, J.) in favor of the defendant, Mount Saint Mary's Condominium Association, in a negligence action arising from a fall.  We construe the plaintiff's arguments to be that the trial court erred by:  (1) not allowing her to introduce photographs of other stairways belonging to the defendant on which she did not fall, including other portions of the stairway on which she alleges she fell; (2) not allowing her to "provide expert testimony as to what medical care was reasonably required and whether or not she suffers any permanent disability"; (3) not allowing her to introduce evidence relating to other conflicts between her and the defendant; and (4) not setting aside the jury's verdict as against the weight of the evidence.

It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  It is the appealing party's burden on appeal to provide a record that is sufficient to decide the issues she is raising and to demonstrate that she raised those issues in the trial court.  <u>Id.</u>; <u>see</u> <u>Sup. Ct. R.</u> 13(3), 15(3) (if appealing party intends to argue that a ruling is unsupported by or contrary to the evidence, the party shall include a transcript of all evidence relevant to such ruling).  Absent a transcript, we assume the evidence was sufficient to support the result reached by the trial court, <u>Bean</u>, 151 N.H. at 250, and review its order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997).  These rules are not relaxed for self-represented parties.  <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

In this case, the plaintiff has not provided a transcript of the trial management conference, at which the defendant represents the evidentiary motions were argued, or of the trial.  Thus, we cannot determine what evidence was offered or what arguments were raised.  <u>See</u> <u>Bean</u>, 151 N.H. at 250.  Therefore, we assume that the evidence was sufficient to support the trial court's

determinations.  <u>Id</u>.  We review the trial court's order for errors of law only, <u>see</u> <u>Atwood</u>, 142 N.H. at 397, and find none.

In light of this conclusion, the plaintiff's May 31, 2016 motion requesting that we reach a decision regarding damages is moot.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**